The Honorable Mike Everett State Senator 412 Broadway Marked Tree, Arkansas 72365
Dear Senator Everett:
This is in response to your request for an opinion on the "Arkansas Department of Education school transportation funding formula."
You note that over the past several years, a small group of schools has been "stripped" of a portion of their approved transportation aid due to the imposition of a "limitation factor" which is implemented by regulation of the State Board of Education. I assume you are referring to the "Wealth Limitation Factor" found at Rule Regulation 14.00 of the Arkansas Department of Education Rules and Regulations Governing the School Transportation Formula. This limitation factor takes into account the availability of certain local tax dollars (i.e., certain aspects of relative local tax base wealth including real estate valuation, utilities and personal property valuation, severance tax receipts, and forest reserve receipts) in determining the amount of state transportation aid distributed to individual districts. You cite specific instances of disparity in the percentage of reimbursement for transportation aid from district to district, and state that while aid to some districts is reduced substantially by the limitation factor, requiring these districts to fund transportation expenses through their maintenance and operation budgets, other districts received in excess of their entire transportation expenses.
You state that Act 34 of 1983 (Ex. Sess.) ("The School Finance Act of 1984"), "already serves to equalize school districts' wealth and equitably distribute state school aid," and that the "`limitation factor' seems to equalize wealth again and thus penalize some schools a second time." [Emphasis yours.] You therefore ask my opinion as to whether the "limitation factor" violates the equal protection clauses of the Arkansas or United States Constitutions in that it establishes a class of persons who are discriminated against without a logical basis. In addition, you ask whether the Arkansas Department of Education has the authority to impose the "limitation factor" against transportation funding.
In response to your questions, I cannot conclude on the face of the limitation factor that it is contrary to the Arkansas or United States Constitution. Of course, this office cannot, in the context of an official legal opinion, delve into the specific factual dissimilarities in transportation aid to individual districts. We can merely review the relevant regulation and opine as to whether it, on its face, violates constitutional principles. In response to your second question, it is my opinion that the Department of Education does have the authority to impose the limitation factor, as it apparently has been adopted as a regulation by the State Board of Education. See Rule and Regulation 1.02.
In the interest of clarity, your second question will be addressed first. It is my opinion that the Department of Education does have the authority to impose the "limitation factor" because it has apparently been promulgated as a regulation of the State Board of Education pursuant to specific statutory authority.[1] See A.C.A. § 6-20-219 (Cum. Supp. 1991). This statute provides in pertinent part as follows:
 (a) The State Board of Education is authorized to formulate regulations for the administration of State Transportation Aid funds for the public schools of Arkansas.
 (b) Such regulations shall provide for a minimum of seventy dollars ($70.00) and a maximum of not more than two hundred eighty dollars ($280) of annual aid per average child transported under the pupil aid section of the transportation aid formula which shall be paid to each school district operating a transportation program, provided, that in the event the State Transportation Aid funds during any fiscal year are inadequate to pay each school district the full amount of transportation aid according to the regulations of the State Board of Education, the board shall make a percentage reduction in the aid payable to the school district.
* * *
 (e)(1) Any state transportation aid funds distributed to a school district under this section shall be used by the district only for those purposes as enumerated by the State Board of Education as permitted uses of state transportation aid.
 (2) Any balance of state transportation aid funds on hand in any school district at the end of any biennium shall be returned to the State Department of Education for deposit in the state transportation aid account for redistribution under the transportation aid formula unless a waiver is granted for the purchase of a school bus by the department.
The provisions above refer in two separate places to a "transportation aid formula." This formula is not prescribed by the statutes, but rather is promulgated by regulation of the State Board of Education. The aid allocation formula set out in Act 34 of 1983 (Ex. Sess.) does not include transportation aid.See A.C.A. § 6-20-305. Aid for transportation has thus not "already" been equalized, so that the transportation aid formula equalizes it again, "penaliz[ing] some schools a second time," as you suggest.
As to your constitutional question, it is my opinion that the "limitation factor" contained in Regulation 14.00 does not violate the equal protection clauses of either the Arkansas or United States Constitutions. It has been held that a state statute does not offend the equal protection clause merely because it favors one class of persons over another, but rather, to decide whether the statute violates the equal protection clause, a court must determine whether the classification created by the statute is rationally related to a legitimate state interest. Burris v. Sewer Imp. Dist. No. 147, 743 F.Supp. 655
(E.D. Ark. 1990). The Arkansas Supreme Court has recently upheld the "rational basis" test, and declined to adopt a "strict scrutiny" approach in determining equal protection challenges concerning educational issues. Magnolia School District No. 14v. Arkansas State Board of Education, 303 Ark. 666,799 S.W.2d 791 (1990). Thus, if any conceivable rational basis exists which demonstrates the possibility of a deliberate nexus with state objectives so that the legislation is not the product of utterly arbitrary and capricious government purpose and void of any hint of deliberate and lawful purpose, it will withstand an equal protection challenge. Arkansas Hosp. Ass'n. v. Arkansas StateBoard of Pharmacy, 297 Ark. 454, 763 S.W.2d 73 (1989).
Applying the above precepts to Regulation 14.00, it may reasonably be concluded that the regulation will, on its face, withstand an equal protection challenge. The regulation is rationally related to the legitimate state objective of equalizing the relative financial positions of the school districts in this state, with regard to transportation aid, and equitably distributing the available state funds so that students, irrespective of the "fortuitous circumstance of residence" have access to a "general, suitable, and efficient system of free public schools" which is administered in compliance with constitutional principles. See Dupree v. AlmaSchool District No. 30, 279 Ark. 340, 651 S.W.2d 90 (1983), and Arkansas Constitution, art. 14, § 1. It certainly cannot be stated that the regulation is the product of "utterly arbitrary and capricious government purpose." Arkansas Hosp. Ass'n.,supra.
It is thus my opinion that the "wealth limitation factor," on its face, does not violate the equal protection clauses of either the Arkansas or United States Constitution, and that the Department of Education does have the authority to impose it.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 1.02 of the Regulations states that "[t]hese regulations are enacted pursuant to the State Board of Education's authority under Ark. Code Ann. § 6-20-219 (1987)." Absent any contrary indication, I assume the regulations have been validly adopted by the State Board, in compliance with all procedural requirements.